UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| SANDY GARZA, Individually and On Behalf of Others, | § § § | |
| | § | Case No. 3:22-cv-418 |
| Plaintiff, | § § | |
| v. | § § | JURY TRIAL DEMANDED |
| | § | |
| MIKE ARMSTRONG, GEORGE "WHITEY" FORSTER, GARY WASEK, JEREMY GOLDSBORO, DAMON JACKSON, CARL ARCENEAUX, and DOES 1-50, | § § § § § § | |
| Defendants. | § § | |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT
AND JURY DEMAND**

### I.   SUMMARY

1. Defendants Mike Armstrong, George "Whitey" Forster, Gary Wasek, Jeremy Goldsboro, Damon Jackson, Carl Arceneaux, and Does 1-50 (hereafter, "Defendants") require and/or permit Plaintiff Sandy Garza ("Plaintiff") and others similarly situated (the "Putative Collective Members") to work as exotic dancers but refuse to compensate them at the applicable minimum wage rates. In fact, Defendants refuse to compensate Plaintiff and Putative Collective Members whatsoever for any hours worked. Plaintiff's and Putative Collective Members' only compensation is in the form of tips from patrons at the club in which they work for Defendants.

2. Defendants also take money from Plaintiff and Putative Collective Members in the form of "house fees," as well as various fines and other fees imposed by Defendants.

Plaintiff and Putative Collective Members are also required to divide and share their tips with Defendants who do not customarily receive tips from customers.

3.  Defendants purposefully misclassify Plaintiff and Putative Collective Members as "independent contractors" rather than properly classifying them as employees so that Defendants do not have to compensate them at the mandated minimum wage rates under Federal or Texas law.

4.  Defendants' practice of failing to pay these exotic dancers minimum wages violates the minimum wage provisions of the Fair Labor Standards Act ("FLSA") and, in the alternative, the Texas Minimum Wage Act ("TMWA"). Defendants' practice of charging the dancers money and requiring dancers to share their tips also violates Federal and State law because for at least one workweek in the relevant statutory period, these practices caused Plaintiff and Putative Collective Members to be paid below the minimum wage rate free and clear of encumbrances.

5.  Defendants owe Plaintiff and Putative Collective Members minimum wages, reimbursement of misappropriated funds, misappropriated tips, liquidated damages, attorney's fees, and costs, among other damages.

## II.  SUBJECT MATTER JURISDICTION

6.  This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and/or 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's alternative TMWA claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to these claims occurred in this District, including many of the wrongs herein alleged.

### III.  PARTIES AND PERSONAL JURISDICTION

8. Plaintiff Sandy Garza is an individual who, at the time of the events giving rise to this lawsuit, resided in Houston, Texas. Her written consent to join this collective action is attached herein as Exhibit A.

9. The Putative Collective Members are people who have worked for Defendants as exotic dancers, were classified as independent contractors, and were paid no wages at any time from the time period starting three years before the filing of this Complaint through final resolution of this Action.

10. Defendant Mike Armstrong is an individual and manages the work performed by Plaintiff and Putative Collective Members. Mr. Armstrong may be served with process at 3200 Gulf Freeway, Dickinson, Texas 77539 or wherever he may be found.

11. Defendant George "Whitey" Forster is an individual and manages the work performed by Plaintiff and Putative Collective Members. Mr. Forster may be served with process at 3200 Gulf Freeway, Dickinson, Texas 77539 or wherever he may be found.

12. Defendant Gary Wasek is an individual and manages the work performed by Plaintiff and Putative Collective Members. Mr. Wasek may be served with process at 3200 Gulf Freeway, Dickinson, Texas 77539 or wherever he may be found.

13. Defendant Jeremy Goldsboro is an individual and manages the work performed by Plaintiff and Putative Collective Members. Mr. Goldsboro may be served with process at 3200 Gulf Freeway, Dickinson, Texas 77539 or wherever he may be found.

14. Defendant Damon Jackson in an individual and manages the work performed by Plaintiff and Putative Collective Members. Mr. Jackson may be served with process at 3200 Gulf Freeway, Dickinson, Texas 77539 or wherever he may be found.

15. Defendant Carl Arceneaux is an individual and manages the work performed by Plaintiff and Putative Collective Members. Mr. Arceneaux may be served with process at 3200 Gulf Freeway, Dickinson, Texas 77539 or wherever he may be found.

16. Defendants Does 1-50 are individuals who managed, supervised, and oversaw the hiring and working conditions of Plaintiff and the putative collective members during the relevant time period. The names and identities of these individuals are currently unknown, but these Doe Defendants were responsible for implementing, overseeing, and permitting the violative policies and/or practices described herein.

17. This Court has personal jurisdiction over Defendants because they are individuals residing in Texas.

### IV.    FLSA COVERAGE

18. At all material times, Defendants have been and are employers within the meaning of the FLSA § 203(d).

19. The FLSA defines the term "employer" broadly and expansively to include "any person acting directly or indirectly in the interest of an employer in relation to any employee." 29 U.S.C. § 203(d).

20. At all material times, Defendants have been and are employers within the meaning of the FLSA because they (1) have the power to hire and fire Plaintiff and Putative Collective Members, (2) supervise and control employee work schedules or conditions of employment, (3) determine the rate and method of payment, and (4) are the individuals responsible for maintaining employment records.

21. At all material times, Defendants have been and are an "enterprise" within the meaning of the FLSA because they are persons who perform related activities for a common business purpose, inter alia, managing, operating, running, and/or supervising an adult cabaret establishment where Plaintiff and Putative Collective Members are employed as exotic dancers.

22. At all material times, Defendants have been and are an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA § 203(s)(1) because they have had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

23. Further, upon information and belief Defendants have had, and continue to have, an annual gross business volume in excess of $500,000.

24. At all material times, Plaintiff and Putative Collective Members have been and are employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V.   FACTS

25. Defendants operate, manage, run, and/or supervise exotic dancers who work at an adult entertainment club in Dickinson, Texas, under the name of "Heartbreakers Gentlemen's Club" (hereinafter "Heartbreakers").

26. Defendant Armstrong was the primary officer, head manager, and president of Heartbreakers and in that capacity Mr. Armstrong operates, manages, runs, and/or supervises the work performed by Plaintiff and Putative Collective Members. Upon information and belief, all other managers and employees at Heartbreakers, including the Co-Defendants, reported directly to Mr. Armstrong and he had the power to direct and control the managers' actions in their dealings with Plaintiff and Putative Collective Members.

27. Mr. Armstrong possesses the power to hire and fire the managers below him at Heartbreakers, and he also possesses the power to hire and fire exotic dancers like Plaintiff and Putative Collective Members.

28. Mr. Armstrong, in his position as the president and highest-ranking managerial employee at Heartbreakers, has control over the finances at Heartbreakers, was and is responsible for paying employees at Heartbreakers, and exercises control over the operations at Heartbreakers. In this capacity, Mr. Armstrong acts or has the power to act directly or indirectly in the interest of Heartbreakers in relation to the employees, including Plaintiff and Putative Collective Members.

29. Mr. Armstrong also has and exercises substantial control over the terms and conditions of Plaintiff's and Putative Collective Members' work as exotic dancers. Mr. Armstrong sets policies, rules, and practices at Heartbreakers that Plaintiff and Putative Collective Members are expected to follow, including the policy classifying Plaintiff and Putative Collective Members as "independent contractors" rather than as employees.

30. Mr. Armstrong also maintains Plaintiff's and Putative Collective Members' personnel records, including their 1099 tax forms, their sign-in sheets, and other documents bearing upon Plaintiff's and Putative Collective Members' working relationship with Defendants.

31. Defendant Forster is a general manager at Heartbreakers, and Defendants Wasek, Goldsboro, Jackson, Arceneaux, and Does 1-50 are or were managers at Heartbreakers. In that capacity, Defendants Forster, Wasek, Goldsboro, Jackson, Arceneaux, and Does 1-50 are responsible for the day-to-day, direct management and supervision of the work performed by Plaintiff and Putative Collective Members. Defendants Forster, Wasek, Goldsboro, Jackson, Arceneaux, and Does 1-50 hire and fire dancers, make operational decisions about Plaintiff's and Putative Collective Members' work, enforce club policies, rules, and practices with respect to Plaintiff and Putative Collective Members, implement the decision not to pay any wages to Plaintiff and Putative Collective Members, and maintain personnel records for Plaintiff and Putative Collective Members.

32. Plaintiff was previously employed by Defendants under the FLSA and/or the TMWA as an exotic dancer within the three years before the filing of this Complaint.

33. Plaintiff worked on a regular basis for Defendants. She worked for Defendants from approximately 2009 until March 2020, and then from approximately September 2022 until October 2022.

34. On average, Plaintiff worked five (5) days per week and approximately ten (10) hours per day for Defendants. On average, Plaintiff worked for Defendants for approximately 50 hours per week

35. Plaintiff never received any wages from Defendants during her employment with Defendants. Plaintiff worked for Defendants as an exotic dancer after being permitted or invited to work there and was not paid at either the Federal minimum wage or the Texas state law minimum wage. This happened during every shift and workweek that she worked for Defendants.

36. Similarly, Putative Collective Members are not and were not paid either at the federally mandated or Texas state law mandated minimum wage rate for any of their time worked as an exotic dancer for Defendants.

37. In fact, Plaintiff and Putative Collective Members are required to pay, and did pay, money to Defendants for the privilege of working as exotic dancers at the club Defendants operate, manage, and supervise, generally in the form of a "house fee," other fees, and fines issued by Defendants.

38. On at least one occasion during the statutory period, Plaintiff finished working for Defendants with negative earnings; that is, she made less than what she paid to Defendants in "house fees" to dance at the club where Defendants operate, manage, and supervise Plaintiff and Putative Collective Members.

39. Plaintiff and Putative Collective Members are and were compensated exclusively through tips from Defendants' customers. Defendants do not directly pay Plaintiff or Putative Collective Members for any hours worked.

40. Defendants also require Plaintiff and Putative Collective Members to share their tips with Defendants and other non-service employees who do not customarily receive tips, including but not limited to the disc jockey and the "house moms."

41. Defendants also take a portion of Plaintiff's and Putative Collective Members' tips after they perform dances for customers. These amounts are not recorded in Defendants' gross sales receipts and are not distributed back to dancers. As alleged, no wages are provided to dancers.

42. Defendants illegally classify Plaintiff and Putative Collective Members as independent contractors. However, at all relevant times, Plaintiff and Putative Collective Members are employees of Defendants.

43. Defendants hire/fire, supervise, direct, discipline, schedule, and perform all other duties generally associated with that of an employer with regard to Plaintiff and Putative Collective Members.

44. The following non-exhaustive list further demonstrates Plaintiff's and Putative Collective Members' status as employees under the FLSA and/or the TMWA:

    a. Defendants prevent Plaintiff and Putative Collective Members from leaving their shifts early;

    b. Defendants force Plaintiff and Putative Collective Members to pay "house fees" to dance in the club; on average, Plaintiff paid $35-$40 per shift to dance at the club;

    c. Defendants create an incentive to arrive early by increasing the "house fee" by $10 every hour that Heartbreakers is open;

    d. Defendants created an incentive for Plaintiff and Putative Collective Members to work more days whereby if a dancer worked four days in a work week, Defendants would waive or reduce the house fee for the

        fifth day worked in that week;

e. Defendants made the decision not to pay wages or overtime;

f. Defendants set the price for private dances at the club and charges Plaintiff and Putative Collective Members a fee to use curtained-off booths for such private dances;

g. Defendants provide Plaintiff and Putative Collective Members with music, poles, stages, and extensive lighting, and the dancers simply danced;

h. Defendants charged Plaintiff and Putative Collective Members a fee to cash in "dance dollars" (*i.e.*, funny money that customers can purchase from Defendants by credit card, to be used as "dollars" to purchase dances or tip the dancers);

i. Defendants mandate, encourage, and/or expect that Plaintiff and Putative Collective Members pay managers, DJs, and "house moms" a portion of the tips that Plaintiff and Putative Collective Members earn from their dances;

j. Defendants required Plaintiff and Putative Collective Members to participate in a "stage rotation" which was dictated by Defendants and the disc jockey;

k. If Plaintiff or a Putative Collective Member wanted to skip their stage rotation, they would be required to pay a fee to Defendants and/or the disc jockey;

l. The club operated, managed, and/or run by Defendants required Plaintiff and Putative Collective Members to "clock in" with the DJ at the beginning of each shift;

m. Defendants require Plaintiff and Putative Collective Members to work a minimum of eight (8) hours any time they wanted to work a shift for Defendants at Heartbreakers, and leaving early without obtaining approval from one of the Defendants can result in termination or issuance of a fine;

n. The club operated, managed, and/or run by Defendants requires Plaintiff and Putative Collective Members to dance to multiple songs per shift on stage in order to incentivize patrons to spend money;

o. Defendants imposed a certain dress code on Plaintiff and Putative

          Collective Members, such as requiring the dancers to wear heels and disallowing them to wear flat-soled shoes;

p. Defendants would often instruct Plaintiff and Putative Collective Members to change their attire or appearance to suit Defendants' tastes and rules;

q. Defendants audition the dancers but do not provide training; the main consideration for hiring dancers is their physical attractiveness;

r. Defendants hire and fire all employees of the club – the dancers, DJ's, bouncers, managers, and others;

s. Defendants employ Plaintiff and Putative Collective Members for several months, if not years, at a time;

t. Plaintiff and Putative Collective Members constitute the workforce without which Defendants could not provide their adult entertainment services at Heartbreakers; and

u. Plaintiff's and Putative Collective Members' services are integrated into Defendants' central operations, *i.e.*, Defendants' customers come to the club to see Plaintiff and Putative Collective Members dance.

45. Plaintiff and Putative Collective Members are not exempt from the minimum wage requirements under the FLSA or the TMWA.

46. Defendants' method of paying Plaintiff and Putative Collective Members in violation of the FLSA and/or the TMWA is and was willful and not based on a good faith and reasonable belief that their conduct complies with the FLSA and/or the TMWA.

47. Defendants misclassify Plaintiff and Putative Collective Members as "independent contractors" with the sole intent to avoid paying them in accordance with the FLSA and/or the TMWA. There are multiple federal court opinions finding that such misclassification is a violation of the FLSA, and therefore Defendants' conduct was willful.

## VI.   CAUSES OF ACTION

### COUNT I: VIOLATION OF 29 U.S.C. § 206
### On Behalf of Plaintiff and Putative Collective Members

48.   Plaintiff incorporates all allegations contained in the foregoing paragraphs.

49.   Defendants' willful practice of failing to pay Plaintiff and Putative Collective Members at the required minimum wage rate violates the FLSA and was not based in good faith. 29 U.S.C. § 206.

50.   The FLSA requires that Defendants allow Plaintiff and Putative Collective Members to keep all tips and gratuities received from customers. As set forth above, Defendants fail to pay Plaintiff and Putative Collective Members at hourly rates in compliance with the FLSA's minimum wage requirements. Without legal excuse or justification, Defendants keep and/or assign to management (as well as others employed by Defendants who do not customarily make tips from customers) tips and gratuities received by Plaintiff and Putative Collective Members which rightfully belong to Plaintiff and Putative Collective Members.

51.   As alleged above, Defendants' practice of collecting funds in the form of "house fees" and other fines from exotic dancers also violates the FLSA.

52.   None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate or the required overtime rate are applicable to Defendants or Plaintiff.

53.   Plaintiff brings this claim on behalf of herself and all others similarly situated pursuant to 29 U.S.C. § 216(b).

## COUNT II: FAIR LABOR STANDRDS ACT, 29 U.S.C. § 203
### Unlawful Tip Sharing
### On Behalf of Plaintiff and Putative Collective Members

54. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

55. As set forth above, Defendants' failure to allow their exotic dancers to retain all of their tips by requiring them to share or "tip out" Defendants and Defendants' employees who do not customarily and regularly receive tips violates the FLSA, 29 U.S.C. § 203(m).

56. Plaintiff brings this claim on behalf of herself and all others similarly situated pursuant to 29 U.S.C. § 216(b).

## COUNT III: UNJUST ENRICHMENT

57. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

58. Defendants are and have been unjustly enriched at the expense of Plaintiff and the Putative Collective Members by refusing to pay for work performed and by requiring Plaintiff and Putative Collective Members to pay Defendants for the privilege of working for Defendants in the form of fees, fines, and tip-outs.

59. Defendants knowingly and/or intentionally accept the benefit of the work performed by Plaintiff and Putative Collective Members during their shifts worked, despite Defendants' policy and practice of failing to pay for such work due to Defendants' decision to improperly classify Plaintiff and Putative Collective Members as independent contractors. In particular, Defendants receive the benefits of the labor and services provided by Plaintiff and Putative Collective Members to Defendants' customers but do not pay Plaintiff and Putative Collective Members any wages for such labor and services.

60. Moreover, Defendants improperly require Plaintiff and Putative Collective Members to pay money to Defendants and Defendants' employees, in the form of fees, fines, and/or tip-outs.

61. Such wrongful conduct demonstrates bad faith and undue advantage on Defendants' part.

62. It would be unjust and inequitable for Defendants to retain the benefit of the unpaid work performed by Plaintiff and Putative Collective members, as well as for Defendants to retain the illicit funds obtained from Plaintiff and Putative Collective Members in the form of the fees, fines, and tip-outs those employees were required to pay to Defendants.

63. Defendants should be ordered to disgorge those ill-gotten benefits to Plaintiff and Putative Collective Members.

64. Plaintiff is also entitled to declaratory relief finding Defendants were unjustly enriched.

65. Plaintiff and Putative Collective Members are also entitled to attorneys' fees and costs under this claim pursuant to Texas Civil Practice and Remedies Code § 37.009.

### COUNT IV: VIOLATION OF THE TEXAS MINIMUM WAGE ACT
### On Behalf of Plaintiff and Putative Collective Members

66. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

67. Defendants engage in a pattern, policy, and/or practice of violating the TMWA, as detailed above, by misclassifying Plaintiff and Putative Collective Members as independent contractors and not paying them minimum wages.

68. If the minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, do not apply to Defendants and do not protect Plaintiff and Putative Collective Members, then Plaintiff and Putative Collective Members are alternatively entitled to minimum wages pursuant to the TMWA, Tex. Lab. Code § 62.001 *et seq.*

69. At all relevant times, Plaintiff and Putative Collective Members are and were employees of Defendants within the meaning of Tex. Lab. Code § 62.005(5).

70. At all relevant times, Defendants employ and have employed Plaintiff and Putative Collective members within the meaning of Tex. Lab. Code § 62.002(4), (6).

71. Defendants engage in a policy and/or practice of failing to pay Plaintiff and Putative Collective Members the applicable minimum wage for all hours Defendants suffered or permitted them to work.

72. As a result of the minimum wage violations, Plaintiff and Putative Collective Members have suffered damages in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation owed pursuant to Tex. Lab. Code § 62.201 *et seq.*

73. The Putative Collective Members are entitled to participate in this collective action by submitting their written consent to "opt-in" pursuant to Tex. Lab. Code § 62.203.

## VII. COLLECTIVE ACTION ALLEGATIONS

74. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b), and alternatively pursuant to Tex. Lab. Code § 62.203, on behalf of all current and former exotic dancers who worked for Defendants at Heartbreakers and were classified as

independent contractors at any time from three (3) years before the filing of this Complaint until final resolution of this action.

75.  Plaintiff has actual knowledge that Putative Collective Members are also denied pay at the mandated minimum wage rate under the FLSA and/or the TMWA. That is, Plaintiff worked with other exotic dancers who were managed and/or supervised by Defendants at Heartbreakers who were similarly classified by Defendants as independent contractors, were required to pay money to Defendants, and were not paid wages. As such, Plaintiff has firsthand personal knowledge of the same pay violations by Defendants for other exotic dancers. Further, other exotic dancers managed and/or supervised by Defendants have shared with Plaintiff similar pay violation experiences including wage and tip confiscation, requirement to pay fees, fines, and tip-outs, similar to those described in this Complaint.

76.  Putative Collective Members perform or have performed the same or similar job duties as Plaintiff.

77.  Putative Collective Members are not exempt from receiving pay at the mandated minimum wage rates pursuant to the FLSA and/or the TMWA.

78.  Defendants' failure to pay for hours worked at the minimum wage rate required by the FLSA and/or the TMWA results from generally applicable policies or practices and does not depend on the personal circumstances of the Putative Collective Members.

79.  The experiences of Plaintiff with respect to her pay are typical of the experiences of Putative Collective Members.

80. The specific job title or precise job responsibilities of each Putative Collective Member does not prevent collective treatment.

81. All Putative Collective Members, irrespective of their particular job requirements, are entitled to compensation for all hours worked at the mandated minimum wage rate under the FLSA and/or the TMWA free and clear of encumbrances.

82. Although the exact amount of damages may vary among Putative Collective Members, the damages for these workers can be easily calculated by a simple formula. The claims of all Putative Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all Putative Collective Members.

83. As such, Plaintiff brings her FLSA and/or TMWA minimum wage claims as a collective action on behalf of the following individuals:

> **All of Defendants' current and former exotic dancers who worked for Defendants at Heartbreakers Gentlemen's Club at any time from three (3) years prior to the filing of this Complaint through final resolution of this Action.**

## VIII. DAMAGES SOUGHT

84. Plaintiff and Putative Collective Members are entitled to recover compensation for the hours they worked for which they were not paid at the mandated minimum wage rate.

85. Plaintiff and Putative Collective Members are also entitled to recover all of the misappropriated funds, including "house fees," other fees, fines, tip-outs, tips taken

from dance performances, and any additional funds misappropriated from Plaintiff and Putative Collective Members related to their work for Defendants.

86. Plaintiff and Putative Collective Members are also entitled to an amount equal to all of their unpaid wages and reimbursement of misappropriated funds as liquidated damages. 29 U.S.C. § 216(b).

87. Plaintiff and Putative Collective Members are also entitled to pre- and post-judgment interest on unpaid back wages and reimbursement of misappropriated funds.

88. Plaintiff and Putative Collective Members are also entitled to receive the disgorgement of Defendants' ill-gotten gains as described herein.

89. Plaintiff and Putative Collective Members are also entitled to recover their attorneys' fees and costs as required by the FLSA § 216(b), Tex. Lab. Code § 62.201 *et seq.*, and/or Tex. Civ. Prac. & Rem. Code § 37.009.

## PRAYER FOR RELIEF

90. For these reasons, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that judgment be entered in her favor awarding the following relief:

    a. An order preventing Defendants from retaliating in any way against Plaintiff and any Putative Collective Member who joins the lawsuit based on their pursuit of these claims;

    b. An ordering designating this action as a collective action pursuant to 29 U.S.C. § 216(b) and/or Tex. Lab. Code § 62.203;

    c. An order finding that Defendants violated the FLSA;

    d. An order finding Defendants violated the FLSA willfully;

    e. Alternatively, an order finding Defendants violated the TMWA;

f.    Alternatively, an order finding Defendants violations the TMWA willfully;

g.    All unpaid wages due under the FLSA and/or TMWA;

h.    Reimbursement of all funds paid by Plaintiff and Putative Collective Members to Defendants as fees, fines, and tip-outs;

i.    An equal amount as liquidated damages as allowed under the FLSA and/or TMWA;

j.    Disgorgement of Defendants' ill-gotten gains as described herein;

k.    Reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA, TMWA, and/or Texas law;

l.    Pre- and post-judgment interest as provided by the FLSA and/or Texas law; and

m.    Such other and further relief to which Plaintiff and Putative Collective Members may be entitled at law or in equity.

Date: December 9, 2022

Respectfully submitted,

HODGES & FOTY, LLP

/s/ William M. Hogg
David W. Hodges (Lead Attorney)
State Bar No. 00796765
William M. Hogg (Of Counsel)
Federal ID No. 3060906
4409 Montrose Blvd., Suite 200
Houston, TX 77006
Tel: (713) 523-0001
Fax: (713) 523-1116
dhodges@hftrialfirm.com
whogg@hftrialfirm.com

*Attorneys for Plaintiff and Putative Collective Members*