United States District Court
Southern District of Texas
**ENTERED**
April 06, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| SANDY VERONICA GARZA, § § Plaintiff. § § V. § § MIKE ARMSTRONG, *et al.*, § § Defendants. § | CIVIL ACTION NO. 3:22-cv-00418 |

## ORDER

Pending before me is a Motion for Substituted Service (Dkt. 25) filed by Plaintiff Sandy Veronica Garza ("Garza"). Garza requests that I issue an order allowing substituted service of process on Defendant George "Whitey" Forster ("Forster") utilizing three methods: (1) by sending a social media message to his alleged Facebook account; (2) by serving his alleged counsel of record, Wallace & Allen, LLP, in previous, related litigation (*Kibodeaux v. A&D Interests, Inc.*, Case No. 3:20-cv-00008 (S.D. Tex.)); and (3) by sending a text message to his last-known phone number. Having considered the motion, the record, and the applicable law, Garza's motion is **DENIED**.

As Garza acknowledges in her motion, Texas law governs whether she may effectuate service via alternate methods. *See* Dkt. 25 at 4 (citing FED. R. CIV. P. 4; TEX. R. CIV. P. 106). Texas law permits substituted service only where the plaintiff can demonstrate "strict compliance" with Rule 106(b). *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990). Rule 106(b) requires an affidavit "listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted." TEX. R. CIV. P. 106(b). Moreover, "before the trial judge orders substituted service under [R]ule 106, there must be *evidence of probative value* that the location stated in the affidavit is the defendant's usual place of business." *Garrels v. Wales Transp., Inc.*, 706 S.W.2d 757, 759 (Tex. App.—Dallas 1986, no writ) (emphasis added).

Garza argues that she "has attempted in good faith to effectuate service on Mr. Forster by personal service in attempting to serve Mr. Forster at Heartbreakers, his usual place of business." Dkt. 25 at 5. But the evidence that Garza submits in support of her motion demonstrates the exact opposite. Far from establishing Forster's usual place of business, the process server's affidavit definitively *proves* that Heartbreakers (3200 Gulf Freeway, Dickinson, Texas) is *not* Forster's usual place of business. Indeed, the affidavit shows that Forster "is no longer associated with [Heartbreakers]"; has "been gone for a long time now"; and "lives somewhere out of the state." Dkt. 25-7 at 2.

In some instances, federal district courts in Texas have found compliance with Rule 106(b) where a plaintiff has gone to great length and expense to locate a physical address for the defendant, but was ultimately unsuccessful. *See Cothran v. Koomson*, No. 4:20-cv-00481, 2021 WL 9095766, at *4 (E.D. Tex. Oct. 6, 2021) (finding "sufficient compliance with Texas Rule[] of Civil Procedure 106" where plaintiff hired three private investigators to locate a physical address for the defendant but was unsuccessful in locating the defendant). Such is not the case here. After learning that Heartbreakers was *not* Forster's usual place of business, Garza appears to have done nothing more than conduct a public records search. *See* Dkt. 25-6 at 2 ("Conducting a public records search for Mr. Forster's current address did not turn up any new or updated address for Mr. Forster."). This is insufficient. At a minimum, Garza should subpoena Heartbreakers for a forwarding or last known address for Forster. Accordingly, Garza has not strictly complied with Rule 106(b).

Even if Garza had complied with Rule 106(b), I would not permit service via any of the proposed methods. To start, there is nothing in the record before me to indicate that Wallace & Allen represented Forster in the past. William King, the Wallace & Allen attorney who appeared at Forster's deposition in *Kibodeaux*, never stated that he was appearing as Forster's counsel. Rather, he simply stated that he was appearing "on behalf of defendants." Dkt. 12 at 35. The only defendants in the *Kibodeaux* case were Heartbreakers, Mike A. Armstrong, and Peggy A. Armstrong. But even assuming Wallace & Allen did represent Forster at some point, whether in

*Kibodeaux* or any other litigation, it is axiomatic that service on an attorney cannot constitute notice unless that attorney is authorized to accept service. *See, e.g.*, *United States v. $184,505.01 in U.S. Currency*, 72 F.3d 1160, 1164 n.10 (3d Cir. 1995) (collecting cases). I have no reason to think that Wallace & Allen is authorized to accept service on Forster's behalf, and therefore I would not permit substituted service via this method.

Second, while the rules contemplate substituted service by social media, such service must still "comport with constitutional notions of due process." *Cothran*, 2021 WL 9095766, at *3. "The Supreme Court of Texas directs courts considering substituted service by social media to ask whether the technology actually belongs to the defendant and whether the defendant regularly uses or recently used the technology." *Id.* at *4 (quotations omitted). Garza has provided a link to a Facebook account allegedly used by Forster. I looked at that account, and the entire account consists of three posts made on December 5, 2021, all updating the profile picture. Nothing more. Given this, I have no reason to think that a Facebook message is reasonably calculated to reach Forster. Similarly, Garza seeks service by text message but does not say whether Forster's last known phone number is a mobile number or a landline number. While I am theoretically willing to permit service by text message under the right set of circumstances, those circumstances would require, at a minimum, that I know the number in question is for a cellular device that can receive text messages and is currently used by the defendant in question.

For all these reasons, Garza's Motion for Substituted Service (Dkt. 25) is **DENIED**.

SIGNED this 6th day of April 2023.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE