Case 3:22-cv-00418   Document 52   Filed on 10/17/23 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
October 17, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| SANDY VERONICA GARZA, § | |
| § | |
| Plaintiff. § | |
| § | |
| V. § | CIVIL ACTION NO. 3:22-cv-00418 |
| § | |
| MIKE ARMSTRONG, *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND RECOMMENDATION

Pending before me is Defendants' Partial Motion to Dismiss Pursuant to Rule 12(b)(6) ("Partial Motion to Dismiss"). Dkt. 21. In that motion, Defendants ask me to dismiss Plaintiff's claims brought under the Fair Labor Standards Act ("FLSA"). After considering the briefing and the applicable law, I recommend that the Partial Motion to Dismiss be **DENIED**.

## BACKGROUND

Plaintiff Sandy Garza ("Garza") performed as an exotic dancer at Heartbreakers Gentlemen's Club ("Heartbreakers"), an adult entertainment club in Dickinson, Texas. She worked at Heartbreakers from approximately 2009 until March 2020, and then from approximately September 2022 until October 2022. In this lawsuit, Garza alleges that Defendants—all individuals affiliated with Heartbreakers[1]—misclassified her as an independent contractor (as opposed to an employee), failed to pay her minimum wage, and required her to part with her "tip" income. Garza asserts claims against Defendants for violations of the FLSA and the Texas Minimum Wage Act. She purports to bring her claims as a collective action on behalf of "[a]ll of Defendants' current and former exotic dancers who worked

---

[1] Garza has not sued Heartbreakers. The defendants are Mike Armstrong ("Armstrong"), George Foster, Gary Wasek, Jeremy Goldsboro, Damon Jackson, and Carl Arceneaux. According to the Complaint, these gentlemen are responsible for violations of the FLSA because they are considered "employers" under the statute.

for Defendants at Heartbreakers Gentlemen's Club at any time from three (3) years prior to the filing of this Complaint through final resolution of this Action." Dkt. 1 at 17.

Defendants have filed a Partial Motion to Dismiss, arguing that Garza has failed to plead sufficient facts establishing either individual or enterprise coverage under the FLSA.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The United States Supreme Court has emphasized that the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Id.* (quoting *Twombly*, 550 U.S. at 556). A Rule 12(b)(6) motion to dismiss "is viewed with disfavor and is rarely granted." *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quotation omitted).

## ANALYSIS

The FLSA's minimum wage and overtime protections apply to employees engaged "in the production of goods for commerce" (individual coverage) or "employed in an enterprise engaged in commerce or in the production of goods for commerce" (enterprise coverage). 29 U.S.C. § 207(a)(1). To properly plead a claim

under the FLSA, Garza must sufficiently allege individual or enterprise coverage, either of which is "enough to invoke FLSA protection." *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992). Individual coverage can be determined by inquiring "whether the work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity." *Sobrinio v. Med. Ctr. Visitor's Lodge, Inc.*, 474 F.3d 828, 829 (5th Cir. 2007) (quoting *Mitchell v. H.B. Zachry Co.*, 362 U.S. 310, 324 (1960)). "Work that is purely local in nature does not meet the FLSA's requirements, but any regular contact with commerce, no matter how small, will result in coverage." *Williams v. Henagan*, 595 F.3d 610, 621 (5th Cir. 2010) (cleaned up). To adequately plead enterprise coverage, "[p]laintiffs need only plausibly allege that they handled goods or materials that had at some point travelled interstate." *Molina-Aranda v. Black Magic Enters., L.L.C.*, 983 F.3d 779, 787 (5th Cir. 2020); *see also* 29 U.S.C. § 203(s)(1)(A)(i) (including "employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce" within the enterprise definition). An employee seeking to invoke enterprise coverage must also allege that the enterprise's "annual gross volume of sales made or business done" is "not less than $500,000." 29 U.S.C. § 203(s)(1)(A)(ii).

As Defendants acknowledge on the first page of their Partial Motion to Dismiss, it is not "particularly difficult" to sufficiently plead individual or enterprise coverage. Dkt. 21 at 1. This is due, in part, to the fact that I am required, at this early stage in the litigation, to "construe the complaint in the light most favorable to [Garza] and draw all reasonable inferences in [Garza]'s favor." *Severance v. Patterson*, 566 F.3d 490, 501 (5th Cir. 2009).

I want to focus on enterprise coverage. To adequately plead enterprise coverage, a plaintiff must make two distinct sets of allegations. *See Jacobs v. N.Y. Foundling Hosp.*, 577 F.3d 93, 99 n.7 (2d Cir. 2009) ("We note that the existence of FLSA enterprise coverage is a two-step determination, and the [plaintiff] must

3

ultimately prove both steps."). First, a plaintiff must plead that she was employed in an enterprise. *See* 29 U.S.C. § 207(a)(1). Second, a plaintiff must show that the enterprise is "engaged in commerce." *Id.*

It is my firm belief that district courts should permit plaintiffs alleging enterprise coverage under the FLSA to do so with minimal factual specificity. The reason for allowing a plaintiff leeway in pleading enterprise coverage is best explained by a fellow magistrate judge from the Middle District of North Carolina:

> When a plaintiff alleges FLSA "enterprise" coverage, the specific information as to the dollar amount of business and the details of all employee activity will largely be unknown to the plaintiff, but known to the defendant. Moreover, because of the greatly expanded reach of the FLSA in 1961, most, if not all, businesses will likely fall under the FLSA if the amount of business exceeds a certain threshold. This threshold was enacted to exclude "Mom and Pop" operations from coverage. *Reich v. Gateway Press, Inc.*, 13 F.3d 685, 694 (3d Cir. 1994). Therefore, the most salient element of an "enterprise" allegation will be the amount of business a defendant does. That information will most often be in the hands of the defendant. For this reason, an allegation of "enterprise" coverage need not attempt to set out a separate allegation of the defendant's sales or a description of the activities of other employees. In most cases, that would only involve gross speculation and not provide the defendant with meaningful information because the defendant already has knowledge of such information. Therefore, bare bones allegations are acceptable for "enterprise" coverage, and it is best that discovery proceed and the issues concerning gross sales and type of interstate activity be left for summary judgment or trial. Therefore, that part of defendants' motion to dismiss should be denied.

*Farrell v. Pike*, 342 F. Supp. 2d 433, 438–39 (M.D.N.C. 2004). Many other courts have adopted this line of reasoning. *See Lerma v. Hawaiian Style, LLC*, No. 5:20-cv-053, 2020 WL 10355786, at *3 (W.D. Tex. June 5, 2020) ("For the exact reasons set forth by the *Farrell* court, this Court concludes that a more lenient evaluation of Plaintiff's allegations regarding 'enterprise' coverage is appropriate."); *Rodriguez v. Cortes*, No. 09-20435, 2009 WL 10667873, at *3 (S.D. Fla. Mar. 26, 2009) (following the *Farrell* court in holding that a plaintiff is not required to "plead the connection to interstate commerce with great specificity"); *Angulo v.*

4

*The Levy Co.*, 568 F. Supp. 1209, 1216 (N.D. Ill. 1983) ("In light of [the motion to dismiss] standard and the liberality within which we must read plaintiffs' [allegations concerning enterprise coverage], such complaint, while not as factually detailed as it might be, is sufficient to survive a motion to dismiss."). Following *Farrell*, I find that Garza need only meet minimal pleading requirements concerning enterprise coverage to survive Defendants' Partial Motion to Dismiss.

Turning to the specifics of the Complaint, Garza alleges:

> At all material times, Defendants have been and are an "enterprise" within the meaning of the FLSA because they are persons who perform related activities for a common business purpose, inter alia, managing, operating, running, and/or supervising an adult cabaret establishment where Plaintiff and Putative Collective Members are employed as exotic dancers.

Dkt. 1 at 5. If the Complaint is to be believed, "Defendants have had, and continue to have, an annual gross business volume in excess of $500,000." *Id.* The Complaint further provides that "[t]he club operated, managed, and/or run by Defendants required Plaintiff and Putative Collective Members to dance to multiple songs per shift on stage in order to incentivize patrons to spend money." *Id.* at 10. The Defendants reportedly "set the price for private dances at the club," which were performed in "curtained-off booths." *Id.* According to the Complaint, club patrons used credit cards to purchase dances and tip the performers. *See id.* Focusing on the role of the Defendants, the lawsuit mentions that Armstrong was the "head manager" and in that capacity "operates, manages, runs, and/or supervises the work performed by Plaintiff and Putative Collective Members." *Id.* at 6. While Armstrong allegedly "possesses the power to hire and fire exotic dancers," *id.*, the other Defendants "are responsible for the day-to-day, direct management and supervision of the work performed by Plaintiff and Putative Collective Members." *Id.* at 7.

Although Garza's allegations, as set forth in the Complaint, are relatively light concerning the existence of enterprise coverage, I conclude that Garza has

5

done just enough at this juncture to adequately allege the existence of enterprise coverage.[2] As far as the existence of an enterprise is concerned, the FLSA defines an "enterprise" as "the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose." 29 U.S.C. § 203(r)(1). Because the Complaint expressly states that Defendants collectively operated an adult entertainment club, and further describes each Defendant's role in that operation, I find that Garza has alleged sufficient facts to survive a motion to dismiss.

Turning to the second prong of the enterprise analysis, Garza must show that that the alleged enterprise is "engaged in commerce." *Id.* § 207(a)(1). In evaluating this allegation, I am persuaded by the reasoning offered by a federal judge in Iowa who denied a Rule 12(b)(6) motion to dismiss when the defendant alleged that a plaintiff—who was an exotic dancer—failed to plausibly allege FLSA coverage:

> Here, the court can infer from the plaintiff's allegations about the nature of the defendant's business—including that she was employed to dance at an "adult entertainment club" and that other employees included "DJ's, bouncers, managers, and others," which would plausibly includ[e] waiters, waitresses, or bartenders—that the enterprise involved working with alcohol, food, and club supplies that moved in interstate commerce, as well as internet streaming of music and processing of credit card transactions through instrumentalities of interstate commerce. The plaintiff's allegations concerning the gross volume of sales or business in excess of $500,000 annually is neither implausible, in light of the facts alleged, nor denied by the defendants.

*Embry v. 4745 Second Ave., Ltd.*, No. 4:19-cv-00305, 2019 WL 8376264, at *2 (S.D. Iowa Nov. 13, 2019) (collecting cases). This analysis applies with equal force to the instant case.

Accepting the allegations in the Complaint as true, as I must, for purposes of deciding the Partial Motion to Dismiss, Garza has stated a claim for enterprise

---

[2] Because I find that Garza has sufficiently alleged enterprise coverage, I need not address whether she has also adequately pled individual coverage.

coverage under the FLSA. I can reasonably infer from the facts alleged in the Complaint that Garza was "employed in an enterprise engaged in commerce or in the production of goods for commerce."[3] 29 U.S.C. § 207(a)(1). In making this recommendation, I am mindful that "[t]he determination of whether or not enterprise or individual coverage exists is more appropriate for the summary judgment stage of litigation." *Case v. Gabriele Crane Rental, Inc.*, 2:08-CV-04197, 2008 WL 11409423, at *1 (W.D. Mo. Dec. 15, 2008).

## CONCLUSION

For the reasons identified above, I recommend that Defendants' Partial Motion to Dismiss (Dkt. 21) be **DENIED**.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 17th day of October 2023.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[3] I decline Garza's invitation to look at documents outside the Complaint to help me determine whether she has successfully alleged a claim that can withstand scrutiny under Rule 12(b)(6). On a motion to dismiss, the district court's "review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).