Case 3:22-cv-00418   Document 60   Filed on 01/30/25 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
January 30, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| SANDY VERONICA GARZA, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:22-cv-00418 |
| | § | |
| MIKE ARMSTRONG, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

This is a Fair Labor Standards Act ("FLSA") case. Pending before me is Plaintiff's Motion for Distribution of Court-Authorized Notice Pursuant to 29 U.S.C. § 216(b). Dkt. 10. For the reasons discussed below, I **DENY** the motion.[1]

## BACKGROUND

Plaintiff Sandy Garza is a former exotic dancer who worked at Heartbreakers Gentlemen's Club in Dickinson, Texas. She brings this lawsuit on behalf of herself and other exotic dancers who worked at Heartbreakers, who were all allegedly misclassified as independent contractors. Garza asserts violations of the FLSA and the Texas Minimum Wage Act.

This is not the first time an exotic dancer has brought a legal action claiming that she has been misclassified as an independent contractor. What differentiates this case from the myriad misclassification lawsuits brought by exotic dancers across the country is that Garza has not sued Heartbreakers, the club where she worked. Instead, she has named as defendants six individuals who allegedly managed the club—Mike Armstrong, George Forster, Gary Wasek, Jeremy

---

[1] A motion asking the court to issue notice of a FLSA collective action is unquestionably a non-dispositive pretrial matter that can be decided in an order by a magistrate judge. *See Guilbeau v. Schlumberger Tech. Corp.*, 719 F. Supp. 3d 702, 711 (W.D. Tex. 2024) (observing that a motion for notice is non-dispositive because it involves procedural case-management rulings and does not adjudicate the merits of any claim).

Goldsboro, Damon Jackson, and Carl Arceneaux (collectively, "Defendants"). Garza maintains that these six managers are responsible for violations of the FLSA because they are considered "employers" under the statute.

This is not my first time handling an FLSA misclassification case involving exotic dancers who worked at Heartbreakers. A few years ago, I held that a group of exotic dancers who worked at Heartbreakers were similarly situated for purposes of sending notice pursuant to 29 U.S.C. § 216. *See Kibodeaux v. A&D Interests, Inc.*, 579 F. Supp. 3d 896 (S.D. Tex. 2022). The sole defendant in that case was A&D Interests, Inc. ("A&D Interests"), the corporate entity that owns Heartbreakers. The Fifth Circuit reversed me on mandamus, finding that collective treatment was precluded by arbitration agreements that the dancers signed with A&D Interests. *See In re A&D Ints., Inc.*, 33 F. 4th 254 (5th Cir. 2022). In particular, the Fifth Circuit held that a district court should refrain from authorizing notice when those receiving notice "will not *ultimately* be able to participate" in the collective action due to an arbitration clause. *Id.* at 259.

It is undisputed that all dancers who worked at Heartbreakers signed arbitration agreements with A&D Interests. The only signatories to those arbitration agreements, however, are A&D Interests and the individual dancers. The arbitration agreements provide, in part, as follows:

> [A&D INTERESTS] AND [THE INDIVIDUAL DANCER WHO SIGNED THIS AGREEMENT] AGREE THAT FOR MANY REASONS, LAWSUITS AND COURT ACTIONS ARE DISADVANTAGEOUS TO BOTH. THEREFORE THEY AGREE THAT ANY CONTROVERSY OR CLAIM ARISING OUT OF OR RELATING TO THIS CONTRACT OR RELATIONSHIP BETWEEN THE PARTIES, INCLUDING ANY DISPUTE RELATED TO ALLEGATIONS OF VIOLATIONS ARISING UNDER ANY STATE OR FEDERAL STATUTES, INCLUDING AN[Y] CLAIMS RELATED TO DISCRIMINATION, OVERTIME OR WAGE LAWS . . . SHALL BE RESOLVED BY ARBITRATION. . . . THE ONLY PARTIES TO THE ARBITRATION SHALL BE [A&D INTERESTS] AND [THE INDIVIDUAL DANCER WHO SIGNED THIS AGREEMENT]. THE PARTIES AGREE THAT ANY DISPUTE BETWEEN THEM SHALL NOT BE THE SUBJECT OF A CLASS ACTION LAWSUIT OR ARBITRATION PROCEEDING.

Dkt. 35-4 at 5.

Defendants argue that the issuance of notice is inappropriate for several reasons. First, Defendants insist that even though they are not parties to the arbitration agreements at issue, those arbitration clauses bar class members from litigating an FLSA collective action in federal court.[2] Second, Defendants argue that Garza has failed to satisfy her burden of proving that the other dancers are similarly situated such that this case should proceed on a collective basis. I need only address the first issue.

## LEGAL STANDARD

"The FLSA protects employees (not independent contractors) by establishing a minimum hourly wage, maximum work hours, and overtime compensation for work beyond 40 hours per week." *Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430, 434 (5th Cir. 2021) (citing 29 U.S.C. §§ 206(a)(1), 207(a)). The FLSA gives employees the right to bring an action on behalf of themselves and "other employees similarly situated." 29 U.S.C. § 216(b). These so-called "collective actions" allow "plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). Such actions also benefit the judicial system by encouraging the "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity." *Id.* Unlike class actions in which potential class members may choose to opt-out of the lawsuit, FLSA collective actions require potential class members to notify the court of their desire to opt-in to the action. *See* 29 U.S.C. § 216(b).

It is the responsibility of a trial judge to decide whether to authorize the issuance of notice of a collective action lawsuit to putative class members. In *Swales*, the Fifth Circuit explained "that the district court's job is ensuring that

---

[2] Defendants do not ask that I compel Garza to arbitrate her claims against them. Instead, Defendants simply argue that the existence of binding and enforceable arbitration agreements preclude me from issuing notice of this collective action to class members.

notice goes out to those who are 'similarly situated,' in a way that scrupulously avoids endorsing the merits of the case." 985 F.3d at 440. In making this determination, district courts have "broad, litigation-management discretion." *Id.* at 443. But that broad discretion is not unlimited. The Fifth Circuit has held that district courts may not "send or require notice of a pending FLSA collective action to employees who are unable to join the action because of binding arbitration agreements." *In re JPMorgan Chase & Co.*, 916 F.3d 494, 504 (5th Cir. 2019).

## ANALYSIS

Defendants argue that this court is prohibited from authorizing FLSA notice because putative class members entered into arbitration agreements with A&D Interests. By entering into those arbitration agreements, the putative class members unquestionably waived their right to proceed in a collective action against A&D Interests. *See In re A&D Ints., Inc.*, 33 F. 4th at 258. But this case has not been brought against A&D Interests. In a creative attempt to avoid the arbitration agreements between the class members and A&D Interests, Garza has filed suit only against six individuals who purportedly managed A&D Interests. Garza insists that the arbitration agreements between the dancers and A&D Interests are inapplicable here because no dancer has entered into any arbitration agreement with Defendants. Garza is mistaken.

The Texas Supreme Court squarely addressed this issue almost 20 years ago, holding that "parties to an arbitration agreement may not evade arbitration through artful pleading, such as by naming individual agents of the party to the arbitration clause and suing them in their individual capacity." *In re Merrill Lynch Tr. Co. FSB*, 235 S.W.3d 185, 188 (Tex. 2007) (quotation omitted). In *Merrill Lynch,* Juan Alaniz and his wife (the "Alanizes") opened a series of accounts with Merrill Lynch and agreed to arbitrate any disputes that might arise. *See id.* When a dispute arose concerning those accounts, the Alanizes filed suit in Texas state court against several Merrill Lynch affiliates and Henry Medina, a Merrill Lynch employee. *See id.* The Alanizes did not add Merrill Lynch as a defendant. Medina

moved to compel arbitration, arguing that the Alanizes' claims against him must go to arbitration, even though he was not a signatory to the arbitration agreement. The Texas Supreme Court agreed, explaining:

> Corporations can act only through human agents, and many business-related torts can be brought against either a corporation or its employees. If a plaintiff's choice between suing the corporation or suing the employees determines whether an arbitration agreement is binding, then such agreements have been rendered illusory on one side.

*Id.* at 188–89. The Texas Supreme Court further noted:

> When contracting parties agree to arbitrate all disputes under or with respect to a contract (as they did here), they generally intend to include disputes about their agents' actions because as a general rule, the actions of a corporate agent on behalf of the corporation are deemed the corporation's acts. If arbitration clauses only apply to contractual signatories, then this intent can only be accomplished by having every officer and agent (and every affiliate and its officers and agents) either sign the contract or be listed as a third-party beneficiary. This would not place such clauses on an equal footing with all other parts of a corporate contract.

*Id.* at 189 (cleaned up).

In 2018, the Texas Supreme Court re-emphasized the longstanding principle that "[a] contracting party generally cannot avoid unfavorable clauses by suing the other party's agents." *Jody James Farms, JV v. Altman Grp., Inc.*, 547 S.W.3d 624, 635 (Tex. 2018) (quotation omitted). Noting that "an agent of a signatory may sometimes invoke an arbitration clause against another signatory," the high court explained that a non-signatory seeking to enforce an arbitration provision "must show it was subject to the principal signatory's control and authorized to act as its agent." *Id.* This hurdle is easily met here because it is undisputed that Defendants are employees and agents of A&D Interests, a signatory to the arbitration agreements. *See* Dkt. 12 at 5, 36, 54–55, 73, 88.

In short, Garza and the members of the class cannot avoid their obligation to arbitrate their FLSA claims by simply suing six individual employees instead of the corporate entity that executed the arbitration agreements. *See Dismuke v.*

*McClinton Energy Grp., L.L.C.*, No. 16-cv-00023, 2016 WL 7497592, at *3 (W.D. Tex. May 10, 2016) (holding that FLSA plaintiff could not evade his obligation to arbitrate claims by simply naming an individual who was an officer, director, and owner of the corporate entity with whom plaintiff had agreed to arbitrate); *Coronado v. D.N.W. Houston, Inc.*, No. 13-2179, 2015 WL 5781375, at *6–7 (S.D. Tex. Sept. 30, 2015) (holding that exotic dancers' FLSA claims against the owners and managers of a club were subject to arbitration because the dancers entered into arbitration agreements with the club). The claims brought against Defendants in this lawsuit are, in substance, claims against A&D Interests, and thus subject to arbitration. Because it is "impossible for potential opt-in plaintiffs who [are subject to] arbitration agreements to participate in a collective action in federal court," the issuance of notice in this case is improper. *In re A&D Ints., Inc.*, 33 F. 4th at 258.

## CONCLUSION

For the reasons discussed above, Plaintiff's Motion for Distribution of Court-Authorized Notice Pursuant to 29 U.S.C. § 216(b) (Dkt. 10) is **DENIED**.[3]

SIGNED this 30th day of January 2025.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[3] Because there will be no collective action in this matter, Defendants' Motion for Reconsideration of Order on Equitable Tolling (Dkt. 46) is denied as moot.